UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN JOHNSON,

    Plaintiff,

v.

    Case No.:

OCCUPATIONAL SAFETY &
HEALTH ADMINISTRATION,
a division of the UNITED STATES
DEPARTMENT of LABOR,

    Defendant.

## COMPLAINT

**COMES NOW** Plaintiff, BRIAN JOHNSON, to sue Defendant, the United States Department of Labor, under which the Occupational Safety & Health Administration is organized. In support thereof, Plaintiff states:

### THE PARTIES, JURISDICTION, & VENUE

1. Plaintiff, BRIAN JOHNSON, is a resident of Melbourne, Brevard County, Florida.

2. Defendant, the United States Department of Labor ("DOL"), is a Department of the Executive Branch of the United States Government, and includes the United States Occupational Safety and Health Administration ("OSHA"), an agency within the meaning of 5 U.S.C. § 552(f).

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and 5 U.S.C. § 552(a)(4)(B).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims occurred in the Middle District of Florida.

## FACTUAL ALLEGATIONS

5. This is an action brought pursuant to 5 U.S.C. § 552(a)(4)(B) to redress the deprivation of Plaintiff's right as secured by the Unites States Freedom of Information Act, 5 U.S.C. § 552 ("FOIA," or the "Act").

6. By e-mail correspondence dated April 27, 2021, counsel for Plaintiff, Morgan & Morgan, P.A. made a formal request (the "Request") to OSHA for copies of certain records pursuant to FOIA. *See* Ex. A.

7. Plaintiff's Request sought production of copies of records related to an incident in which Plaintiff was severely injured, requiring amputation of his left leg. Plaintiff's injuries resulted from a malfunction and subsequent electrocution during operation of an uninsulated 2014 Genie Z-45/25J aerial lift, bearing serial number Z452514A-50172. Morgan & Morgan, P.A. is representing Plaintiff in litigation related to this incident in the 9th Judicial Circuit, case no. 2020-CA-9005-O ("Incident").

8. The incident occurred on April 29, 2020, while Plaintiff was working for his employer, Brevard Window and Door, at a remote site, located at 430 Garfield Ave., Cocoa Beach, FL 32931.

9. Plaintiff's Request specifically sought four categories of information: (1) a copy of all nonprivileged records regarding the Incident; (2) any and all non-essential evidence collected at the scene by OSHA agents and their assigns; (3) all correspondence, emails, documents, statements, investigative reports, and all forms of communication regarding the incident; and (4) all photos taken of the incident and scene, along with videos recorded or otherwise taken.

10. By correspondence dated November 1, 2021, OSHA, as a division of DOL, issued its first and only response (the "Response"), to Plaintiff's FOIA Request. *See* Ex. B.

11. In its Response, Danelle Jindra, Area Director (the "Director"), for OSHA's Tampa Area Office, advised Plaintiff that while the requested records had been located, Plaintiff's Request was nevertheless essentially denied. Resp. at 1. The Director attributed the denial to available exemptions propounded under FOIA, along with a lack of "reasonably segregable information." Resp. at 1. The Director's cited exemptions included each of the following four statutory provisions: 5 U.S.C. §§ 552(b)(4), (b)(5), (b)(7)(C), and (b)(7)(D).

12. Ultimately, Defendant provided not a single responsive document to Plaintiff's Request.

13. The copies of statements requested by Plaintiff are records as defined by 5 U.S.C. § 552(f)(2), and are neither exempt nor privileged from disclosure under the FOIA.

14. Defendant has failed to comply with the FOIA.

15. Defendant is unlawfully withholding records properly requested by Plaintiff pursuant to the FOIA.

16. The cited exemptions do not apply to Plaintiff's requested documents.

17. Plaintiff is entitled to copies of the requested documents.

18. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA Request, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## COUNT 1
**(Violation of the FOIA, 5 U.S.C. § 552(a)(3)(A))**

19. Plaintiff re-alleges and incorporates Paragraphs 1 through 18 of this Complaint as if fully stated herein.

20. Pursuant to the FOIA, § 552(a)(3)(A), Defendant is required to promptly produce records which are reasonably described and requested in accordance with the FOIA.

21. Plaintiff made a proper FOIA request of Defendant for the designated records, which included a sufficient and reasonable description as the sought after

records were, in fact, located. Defendant cited no defect, in either procedure or description, with regard to Plaintiff's Request as grounds for withholding the requested records.

22. Outside of Defendant's failure to promptly produce or reply to Plaintiff's Request, discussed in more detail below, Defendant's cited exemptions do not apply to Plaintiff's requested records. To the extent that the stated exemptions do apply, Defendant maintains the ability and discretion to redact the relevant information.

23. The first cited exemption, under provision 5 U.S.C. § 552(b)(4), applies to trade secrets and commercial or financial information that is confidential or privileged. Defendant's Response allegedly invokes this provision to protect confidential business information. Resp. at 1. Upon information and belief, Plaintiff's Request requires no disclosure of confidential business information, only information related to his personal injury incident.

24. The second cited exemption, under provision 5 U.S.C. § 552(b)(5), applies to inter-agency or intra-agency memorandums or letters that are not legally available to a party in litigation with the agency, i.e., an exemption based on attorney-client privilege. Defendant avers that this exemption covers any privileged information between a government attorney and a client agency, which is not discoverable in a civil context. Resp. at 1, 2. Here, Plaintiff made a FOIA request of Defendant for records related to his personal injury incident, which

occurred in the context of a private business employer-employee relationship. Upon information and belief, this is discoverable material that does not implicate Defendant's attorney-client privilege. This exemption, therefore, has no bearing on Plaintiff's Request.

25. The third cited exemption, under provision 5 U.S.C. § 552(b)(7)(C), applies to records or information compiled for law enforcement proceedings where the records could reasonably be expected to constitute an unwarranted invasion of personal privacy. Upon information and belief, this exemption does not apply to Plaintiff's request.

26. The fourth cited exemption, under provision 5 U.S.C. § 552(b)(7)(D), applies to records or information compiled for law enforcement proceedings where the records could reasonably be expected to disclose the identity of a confidential source that furnished information on a confidential basis. Again, Plaintiff's Request seeks records that pertain to the Incident, which was neither a confidential matter nor the result of the conveyance of confidential information. Upon information and belief, this exemption does not apply to Plaintiff's request.

27. Regarding segregable information, the Response cites as support § 552(b), in general. However, the language regarding segregable portions of documents is located only in § 552(b)(9). Of note, that particular provision is entitled "geological and geophysical information and data, including maps, concerning wells." 5 U.S.C. § 552(b)(9). There simply is no information pertinent

to Plaintiff's Request that is related to geological and/or geophysical data concerning wells. Defendant's use of this provision is, therefore, unfounded. Upon information and belief, this exemption does not apply to Plaintiff's Request.

**WHEREFORE**, Plaintiff, BRIAN JOHNSON, demands judgment against Defendant, the United States Department of Labor, which includes the Occupational Safety & Health Administration, and respectfully requests that this Court:

> a) Order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA Request, and a *Vaughn* index of any responsive records withheld under claim of exemption;
>
> b) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA Request;
>
> c) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E), and any other applicable rule or law; and
>
> d) Grant Plaintiff such other relief as the Court deems just and proper.

## COUNT II
**(Violation of the FOIA, 5 U.S.C. § 552(a)(6)(A)(i))**

28. Plaintiff re-alleges and incorporates Paragraphs 1 through 18 of this Complaint as if fully stated herein.

29. To properly comply with the strictures set out in FOIA, government agencies, such as Defendant, must notify a requester of a responsive decision within twenty days of receipt of the FOIA request. § 552(a)(6)(A)(i). Where unusual conditions are present, the FOIA permits an agency to extend the twenty-day deadline by ten days, upon written notice by the agency to the requesting individual. § 552(a)(6)(B)(i).

30. Defendant's only Response to Plaintiff's Request is dated over six months after receipt of Plaintiff's Request. Resp. at 1. Prior to dispatch of its Response, Defendant did not at any time issue written notice to Plaintiff identifying unusual circumstances that would require additional delay in procuring Plaintiff's requested records. Defendant therefore failed, not only to promptly respond to Plaintiff's Request, but also to comply with the response mandates outlined in the FOIA.

31. Similarly, the FOIA permits Courts to retain jurisdiction of a FOIA matter while allowing an agency additional time to complete a review of its records, but only where the agency makes a showing of "exceptional circumstances" and the continued exercise of due diligence. 5 U.S.C. § 552(a)(6)(C)(i). Defendant has also failed to show exceptional circumstances as outlined in this portion of the statute and, upon information and belief, there is no ongoing exercise of due diligence related to Plaintiff's Request.

32. Because Defendant failed to comply with the time limits set forth in the FOIA, Plaintiff is deemed to have exhausted all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C). *See Miccosukee Tribe of Indians of Fla. v. U.S. Dep't of Just.*, 103 F. Supp. 3d 1314, 1326 (S.D. Fla. 2015) (citing *Taylor v. Appleton*, 30 F.3d 1365, 1368 (11th Cir.1994); *Citizens for Responsibility & Ethics in Washington ("CREW") v. U.S. Dep't of Justice*, 746 F.3d 1082, 1082 (D.C.Cir.2014)).

**WHEREFORE**, Plaintiff, BRIAN JOHNSON, demands judgment against Defendant, the United States Department of Labor, which includes the Occupational Safety & Health Administration, and respectfully requests that this Court:

a) Order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA Request, and a *Vaughn* index of any responsive records withheld under claim of exemption;

b) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA Request;

c) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E), and any other applicable rule or law; and

d) Grant Plaintiff such other relief as the Court deems just and proper.

Dated:  July 24, 2023

| | |
|---|---|
| */s/ Andrew Parker Felix* | /s/ *Steven E. Nauman* |
| **ANDREW PARKER FELIX, ESQ.** | **STEVEN E. NAUMAN, ESQ.** |
| Florida Bar No.: 0685607 | Florida Bar No.: 106126 |
| **Morgan & Morgan, P.A.** | **Morgan & Morgan, P.A.** |
| 20 North Orange Avenue, Suite 1600 | 20 North Orange Avenue, Suite 1600 |
| Orlando, FL 32801 | Orlando, FL 32801 |
| Telephone: (407) 244-3209 | Telephone: (407) 244-3962 |
| Email: andrew@forthepeople.com | Email: snauman@forthepeople.com |
| Secondary Email: kdimeglio@forthepeople.com | Secondary Email: kdimeglio@forthepeople.com |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |